**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| JEAN C. KELLY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-06-2616 |
| | * | |
| NOVASTAR MORTGAGE, INC., *et al.* | * | |
| | * | |
| Defendants | * | |

**************************************************************************

## MEMORANDUM OPINION

This action involves a complaint by *pro se* Plaintiff Jean C. Kelly ("Plaintiff") against Novastar Mortgage, Inc. ("Novastar"), First Horizon Home Loan Corporation ("First Horizon"), and Mortgage Electronic Registration System, Inc. ("MERS") (collectively, "Defendants") for breach of contract, fraud, and unjust enrichment, among other things. Currently pending before the Court is Defendant Novastar's Motion to Dismiss (Paper No. 7) and the Motion to Dismiss filed by Defendants First Horizon and MERS (Paper No. 9). The Court has reviewed the entire record, as well as the pleadings with respect to the instant motions. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will GRANT both motions to dismiss.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the present Complaint on October 4, 2006 alleging four counts: Count I–Breach of Contract; Count III–Unjust Enrichment; Count IV–Violations of Truth in Lending Act; and an unnumbered count entitled "Fraudulent Conversion and Concealment."[1] Construing the

---

[1] The Complaint does not enumerate a Count 2.

1

Complaint liberally in favor of *pro se* Plaintiff, it appears that Plaintiff alleges the following factual allegations:

1. "Date of Settlement: May 1, 2006." Compl. ¶ 5.

2. Plaintiff lives in Hyattsville, Maryland. Compl. ¶ 3.

3. "NOVASTAR MORTGAGE COMPANY, it's agents and co-parties (defendants) was the mortgage company licensed to do business in the state of Maryland, whose business address is P.O. BOX 2900 SHAWNEE MISSION, KS 66201." Compl. ¶ 4.

4. "Facts; their ability to validate the alleged debt and subsequently attempted to Coerce payment is also creating a commercial injury." Compl. ¶ 6.

5. "Plaintiffs promissory note was deposited into said customer transaction Account, creating new money and increasing the assets of NOVASTAR MORTGAGE CO. And then issued a check drawn on the customer transaction account that Contained the new money, there by zero balancing the ledger on the plaintiffs Customer transaction account. Plaintiffs' signature creates the equity." Compl. ¶ 10.

6. "Defendant sold promissory note to a third party, while requiring plaintiff to submit monthly payments that were not due or owed." Compl. ¶ 13.

7. "Defendants have never made a claim or signed a demand for claim under penalty of perjury, true, correct, complete and not misleading." Compl. ¶ 14.

8. "Defendant states they contributed valuable consideration, asset, to obtain the promissory note." Compl. ¶ 17.

9. "The promissory note cannot fund the check until the bank performed under the Agreement and gave or loaned value in accordance to the agreement to legally own the promissory note, They cannot steal it or record it as a loan to the bank without an agreement." Compl. ¶¶ 18-19.

The remainder of Plaintiff's Complaint appear to be statements of law or legal conclusions.

On November 13, 2006 Defendant Novastar filed its motion to dismiss Plaintiff's Complaint. Two days later on November 15, 2006 Defendants First Horizon and MERS filed their motion to dismiss. On November 17, 2006 the Clerk of the Court issued a letter to Plaintiff advising that pursuant to Local Rule 105.2.a, Plaintiff had seventeen days to file an opposition to Defendants'

motions, or risk having her case dismissed. The time for Plaintiff to respond has expired and Plaintiff has not filed any response to Defendants' motions.

## STANDARD OF REVIEW

A court must deny a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (citing *Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18 (4th Cir. 1994)); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)"). Nor is the Court "bound to accept [Plaintiffs'] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Further, this Court need not accept "conclusory factual allegations devoid of any reference to actual events." *Buchanan v. Consolidated Stores, Corp.*, 125 F. Supp. 2d 730, 734 (D. Md. 2001).

Therefore, a complaint may be dismissed as a matter of law only if it lacks a cognizable legal theory *or* if it alleges insufficient facts to support a cognizable legal theory. *See Robertson v. Dean*

*Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

## ANALYSIS

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Further, if the plaintiff is alleging fraud, Rule 9 requires "the circumstances constituting fraud or mistake [to] be stated with particularity." FED. R. CIV. P. 9(b). A plaintiff is not required to "set out in detail the facts upon which he bases his claim" so long as the claim "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Agora, Inc. v. Axxess, Inc.*, 90 F. Supp. 2d 697, 699 (D. Md. 2000) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court should not accept allegations that are not well-pleaded and may dismiss a Complaint if the allegations are "functionally illegible" or "baldly conclusory." *Id.* at 699 (citing *Shuster v. Oppelman*, 962 F. Supp. 394, 395 (S.D.N.Y.1997)).

However, the Court must be cognizant of the fact that Plaintiff is proceeding *pro se* in this action. The Fourth Circuit has instructed that "claims of legal substance should not be forfeited because of a failure to state them with technical precision . . . [therefore] pro se complaints must be held to less stringent standards than formal pleadings drafted by lawyers." *Linder v. Turner*, 529 F.2d 515 (4th Cir. 1975) (internal citations omitted). Here, Plaintiff's Complaint does not meet the minimum pleading requirements–even for a *pro se* plaintiff. Nowhere in the fragmented statements contained in the Complaint can the Court glean a cognizable legal theory. Plaintiff's Complaint falls far short of what is required to give Defendants fair notice of the grounds upon which Plaintiff's

claims rest. Even a liberal construction of the Complaint cannot cure its deficiency.[2] Consequently, Plaintiff has failed to state any claim upon which relief may be granted. As such, Plaintiff's Complaint must be dismissed.

## CONCLUSION

For the reasons stated above, the Court will GRANT Defendants' motions to dismiss (Paper Nos. 7 and 9). An Order consistent with this Opinion will follow.

| | |
|---|---|
| December 29, 2006 | /s/ |
| Date | Alexander Williams, Jr. |
| | United States District Judge |

---

[2] In their Motion to Dismiss, Defendants First Horizon and MERS set out the deficiencies of Plaintiff's Complaint with respect to each alleged count. Although the Court agrees with Defendants, the Court need not address each individual count here.